**Donald L. MOSHIER, Jr.,
Petitioner–Appellant,**

v.

**UNITED STATES of America,
Respondent–Appellee.**

**Docket Nos. 04–5784–PR, 04–5983–PR.**

United States Court of Appeals,
Second Circuit.

Submitted: March 16, 2005.

Decided: March 17, 2005.

Donald L. Moshier, Jr., pro se, McKean Federal Correctional Institution, Bradford, Pennsylvania.

Thomas P. Walsh, Assistant United States Attorney for the Northern District of New York (Glenn T. Suddaby, United States Attorney), Binghamton, New York, for Respondent–Appellee.

Before: NEWMAN, STRAUB, and WESLEY, Circuit Judges.

PER CURIAM.

On April 5, 2004, Moshier, *pro se* and incarcerated, filed in the District Court a motion to vacate his 2002 federal conviction and sentence, which the District Court construed as a § 2255 motion. The certificate of service ·attached to the motion states that it was mailed on April 1, 2004, and the sworn notice of motion and verification, also attached to the motion, are dated April 1, 2004 as well. *See Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (stating prison mailbox rule). Moshier's judgment of conviction was entered on April 29, 2002, and Moshier did not file a direct appeal from the judgment, possibly because he had waived his right to appeal in a plea agreement.

By order entered October 28, 2004, after providing Moshier with an opportunity to address the timeliness issue, the District Court denied Moshier's motion as time-barred and declined to issue a certificate of appealability. The court explained that, because Moshier had filed his motion "nearly two years after his conviction had become final," and because Moshier had "offered no argument that the statute of limitations accrued on some later date," each claim was time-barred.

On both October 27, 2004 and November 9, 2004, Moshier filed notices of appeal, apparently resulting in the opening of two appellate docket numbers. Thereafter, Moshier filed in this Court two identical motions for certificates of appealability that were docketed under the two docket numbers. Moshier also requested leave to proceed *in forma pauperis.*

■ Pursuant to *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), when a district court denies a § 2255 motion on procedural grounds, a certificate of appealability may issue only

upon a showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484, 120 S.Ct. 1595; *see also Bethea v. Girdich,* 293 F.3d 577, 577–78 (2d Cir.2002) (applying two-component *Slack* formulation where habeas petition was dismissed as time-barred). *Slack* makes it clear that this formulation "allows and encourages the court to first resolve procedural issues." *Slack,* 529 U.S. at 485, 120 S.Ct. 1595. Because it is not debatable that the District Court correctly denied Moshier's § 2255 motion as untimely, no certificate of appealability may issue.

Effective April 24, 1996, the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires, among other things, that § 2255 motions be filed within one year from:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255 ¶ 6. Congress did not explicitly state in AEDPA when a judgment of conviction becomes final for pur-

poses of § 2255. In *Clay v. United States,* however, the Supreme Court held that a conviction becomes final when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." 537 U.S. 522, 527, 123 S.Ct. 1072, 155 L.Ed.2d 88 (2003).

■ The Supreme Court has not determined when an unappealed federal criminal judgment becomes final for purposes of § 2255, and we also have not decided this issue. The two circuit courts of appeal to address the issue, however, have held that such a conviction becomes final when the time for filing a direct appeal expires. *See Sanchez–Castellano v. United States,* 358 F.3d 424, 428 (6th Cir.2004) (finding that, for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered"); *Kapral v. United States,* 166 F.3d 565, 577 (3d Cir.1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). We agree and therefore hold that, for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires.

■ As Moshier's judgment of conviction was entered on Monday, April 29, 2002, his conviction became final for AEDPA purposes on Thursday, May 9, 2002, the date on which his time to file a direct appeal expired.[1] Because Moshier failed to file his § 2255 motion until, at the earliest, April 1, 2004, which was more than one year after his conviction became final, his motion was untimely. We have consid-

---

1. Under Federal Rule of Appellate Procedure 4(b), a defendant's notice of appeal from a judgment of conviction must be filed within ten days. Pursuant to Federal Rule of Appellate Procedure 26(a)(2), as amended effective December 1, 2002 and as currently enacted, the time for filing a notice of appreal is com-

puted by excluding intermediate Saturdays, Sundays, and legal holidays. The amended Rule 26(a)(2), however, was not in effect for Moshier's case, and thus his judgment of conviction became final ten consecutive days after it was entered.

ered the remaining arguments offered in favor of granting a certificate of appealability, including the argument that equitable tolling applies, and we find them to be without merit. Accordingly, the motions for certificates of appealability and *in forma pauperis* status are denied, and the two appeals are dismissed.