**Jose NEGRON, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 05–2983–CR.**

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Jose Negron, New York, New York. for Appellant, pro se.

Peter A. Norling, Assistant United States Attorney (David C. James, on the brief) for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: Honorable REENA RAGGI, Honorable PETER W. HALL, Circuit Judges. and Honorable EDWARD R. KORMAN,[1] District Judge.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court, dated May 9, 2005, and entered on the docket on June 2, 2005, is hereby AFFIRMED.

Petitioner *pro se* Jose Negron ("Negron"), who was convicted in the Eastern District of New York in 2001 on a guilty plea to various federal charges related to his participation in a home invasion robbery, appeals the dismissal of his Rule 60(b) motion to vacate his judgment of conviction. *See* Fed.R.Civ.P. 60(b). While we generally review the denial of a Rule 60(b) motion only for abuse of discretion, *see Burda Media, Inc. v. Viertel,* 417 F.3d 292, 298 (2d Cir.2005), even if we were to analogize the dismissal in this case to one for lack of subject matter jurisdiction or failure to state a claim, subject to *de novo* review, *see Celestine v. Mt. Vernon Neighborhood Health Ctr.,* 403 F.3d 76, 79–80 (2d Cir.2005); *Jacobs v. Ramirez,* 400 F.3d 105, 106 (2d Cir.2005), Negron would still not be entitled to relief on appeal.

Negron's Rule 60(b) motion was correctly dismissed because the Federal Rules of Civil Procedure "govern the procedure in the United States district courts in all suits of a *civil* nature...." Fed.R.Civ.P. 1 (em-

---

phasis added). Thus, Rule 60(b) cannot afford Negron relief from his judgment of conviction in a criminal case. While Rule 60(b) may be employed in certain narrow circumstances to attack the integrity of a civil proceeding that denies a petition to vacate a judgment of conviction under 28 U.S.C. § 2255, *see, e.g., Harris v. United States,* 367 F.3d 74, 77 (2d Cir.2004), Negron's Rule 60(b) motion does not challenge the denial of his Section 2255 motion, which, in fact, he voluntarily withdrew.

In sum, the district court correctly dismissed the motion because Negron sought relief unavailable under Rule 60(b).

The district court's order of dismissal, entered on June 2, 2005, is hereby AFFIRMED.