IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 23, 2008

Charles R. Fulbruge III
Clerk

No. 05-11169

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOEL PLASCENCIA, also known as "Oskie"

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before REAVLEY, BENAVIDES, and OWEN, Circuit Judges.

REAVLEY, Circuit Judge:

Federal prisoner Joel Plascencia appeals from the district court's dismissal of his 28 U.S.C. § 2255 motion, which was determined to be time-barred. We conclude that Plascencia's conviction became final when the time expired to file a timely notice of appeal on direct review and that Plascencia is not entitled to the benefit of the 90-day period for seeking certiorari, after dismissal following denial of a FED. R. APP. P. 4(b)(4) motion, when determining § 2255's limitation period. We therefore AFFIRM the district court's judgment.

I.

Plascencia pleaded guilty to conspiracy to distribute cocaine and was sentenced to 210 months in prison. The district court entered its judgment on

December 23, 2003. Plascencia is deemed to have filed his pro se notice of appeal on January 15, 2004.[1] We determined that a timely notice of appeal was due by January 12, 2004. In accord with our customary policy, we construed the late notice as a motion under FED. R. APP. P. 4(b)(4) for extension of time to file a notice of appeal.[2] We remanded for the district court to determine whether Plascencia's untimely filing was due to excusable neglect or good cause. After briefing by Plascencia and the Government, the district court determined that Plascencia had not made that showing. On June 9, 2004, we concluded that the district court's determination was not an abuse of discretion, and we dismissed the appeal.[3]

Plascencia then filed a § 2255 motion on June 15, 2005. The district court dismissed the motion as untimely, reasoning that Plascencia's conviction became final, and the one-year limitation period began, on January 12, 2004, at the expiration of the time for Plascencia to file a timely notice of appeal. The court determined that Plascencia's § 2255 motion was due by January 12, 2005, and that the June 15, 2005 motion was therefore untimely. Plascencia appeals from the district court's dismissal. We granted him a certificate of appealability on the issue whether, in determining the limitation period for purposes of § 2255, a federal prisoner has the benefit of an additional 90-day period in which to seek certiorari review in the Supreme Court from an appellate court's affirmance of the denial of a Rule 4(b)(4) motion.

---

[1] See Houston v. Lack, 487 U.S. 266, 276, 108 S. Ct. 2379, 2385 (1988) (concluding that a prisoner's pro se notice of appeal is deemed filed when delivered to prison authorities for forwarding to the court clerk).

[2] See, e.g., United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984).

[3] United States v. Plascencia, No. 04-10079 (5th Cir. June 9, 2004) (unpublished).

## II.

Plascencia contends that his conviction did not become final on direct appeal until the expiration of the 90-day period for seeking certiorari from this court's dismissal of the appeal on June 9, 2004. We review the district court's factual findings relating to a § 2255 motion for clear error and conclusions of law de novo.[4]

Section 2255 provides a one-year limitation period that begins on the latest of four possible dates for a federal prisoner to seek collateral review of his conviction and sentence. The only date relevant in this case is "the date on which the judgment of conviction becomes final."[5] The statute does not define when a conviction becomes final for purposes of the limitation period.[6] We also have not addressed when a federal conviction becomes final for purposes of § 2255 when, as here, the prisoner did not file a timely direct appeal.

We have observed, however, that there is no indication Congress intended federal and state prisoners to be treated differently in habeas proceedings and that "final" in § 2255 has the same meaning as "final" used for the analogous limitation period in 28 U.S.C. § 2254 proceedings.[7] For purposes of § 2254 proceedings, a state prisoner's conviction becomes final generally upon the expiration of direct review or the time for seeking direct review.[8] When a state prisoner has appealed his conviction to the state court of last resort, the conclusion of the direct review process includes the 90-day period for seeking

---

[4] United States v. Torres, 163 F.3d 909, 911 (5th Cir. 1999).

[5] 28 U.S.C. § 2255(f)(1).

[6] United States v. Thomas, 203 F.3d 350, 351–52 (5th Cir. 2000).

[7] Reyes-Requena v. United States, 243 F.3d 893, 898 (5th Cir. 2001); see 28 U.S.C. § 2244(d)(1)(A).

[8] Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003).

certiorari in the Supreme Court.[9] If the prisoner stops the appeal process before that point, however, the conviction becomes final when the time for seeking further review in the state court expires.[10]

Applying like reasoning to federal prisoners, at least three of our sister circuits have held that when a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal.[11] Although not having previously said so explicitly, we agree with this approach to the finality of federal convictions, as it is consistent with our treatment of the finality of state convictions.

In the instant case, Plascencia had until January 12, 2004, to file his timely notice of appeal. By failing to file an effective notice of appeal by January 12, 2004, Plascencia allowed the direct review process to expire, and his conviction became final on that date.

Rule 4 provides limited recourse for defendants who miss the filing deadline by permitting the district court, upon finding good cause or excusable neglect, to extend the time to file a notice of appeal for up to 30 days from the expiration of the time otherwise prescribed.[12] As noted above, we followed our customary practice in criminal cases by treating Plascencia's late notice of appeal as a Rule 4(b)(4) motion for extension of time to file an appeal.[13] Because

---

[9] Id.

[10] Id.

[11] See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999).

[12] See FED. R. APP. P. 4(b)(4).

[13] See Golding, 739 F.2d at 184.

the district court found no good cause or excusable neglect and we concluded that the district court's ruling was not an abuse of discretion, we dismissed the appeal.[14]

Plascencia insists, however, that his conviction was not final because he had 90 days to seek certiorari after our dismissal on June 9, 2004. In Clay v. United States, the Supreme Court held that if a federal defendant appeals his conviction to the court of appeals and then does not seek certiorari, the conviction becomes final when the 90-day period expires during which the defendant could have filed a petition for certiorari.[15] The rule of Clay provides no help to Plascencia in this case because Plascencia, unlike Clay, never filed an effective notice of appeal in this court.[16] Any petition for certiorari that Plascencia could have filed following our dismissal would not have contested direct review of his conviction. Instead, it would have concerned only our ruling that the district court did not abuse its discretion by declining to grant Plascencia an appeal. That ruling did not address Plascencia's conviction.

---

[14] Although when we dismissed the appeal we noted that a timely notice of appeal is a prerequisite to appellate jurisdiction, which was our traditional view, we have since recognized that Supreme Court precedent now establishes that Rule 4's time requirement for filing notices of appeal in criminal cases is mandatory but not jurisdictional. See United States v. Martinez, 496 F.3d 387, 388–89 (5th Cir. 2007); see also Eberhart v. United States, 546 U.S. 12, 18–19, 126 S. Ct. 403, 406–07 (2005) (distinguishing between jurisdictional rules and nonjurisdictional claims-processing rules). Nevertheless, the distinction between jurisdictional rules and inflexible claims processing rules does not render the dismissal erroneous because a court does not err by strictly enforcing the latter. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006).

[15] 537 U.S. 522, 532, 123 S. Ct. 1072, 1079 (2003); see also United States v. Gamble, 208 F.3d 536, 536–37 (5th Cir. 2000).

[16] See 537 U.S. at 525, 123 S. Ct. at 1074 (holding that "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." (emphasis added)).

Therefore, the 90-day certiorari period is not applicable in Plascencia's case to determine when his conviction became final.[17]

As noted above, Plascencia's conviction became final upon the expiration of the time for filing a timely notice of appeal on January 12, 2004. The limitation period for seeking § 2255 relief therefore commenced on that date, and Plascencia's § 2255 motion was due by January 12, 2005. Because Plascencia did not file his § 2255 motion until June 15, 2005, the motion was untimely.

AFFIRMED.

---

[17] The dissent would apply the 90-day certiorari period in the instant case because "[o]ur June 9, 2004 dismissal of Plascencia's direct criminal appeal was reviewable by the Supreme Court as part of that appeal." (Emphasis added). Although on June 9, 2004, we dismissed Plascencia's "appeal," there was no direct appeal pending because Plascencia had never filed an effective direct appeal of his conviction. The dissent contends that Plascencia's late notice of appeal was sufficient to suspend the finality of Plascencia's conviction because the ten-day filing period is nonjurisdictional, and it implies that the Government's failure to object to the late notice supports its position because a failure to object forfeits the objection. Whether or not the Government objected is irrelevant under the circumstances of this case because the Government never had an opportunity to object. We remanded to the district court before a briefing notice was even issued. As noted above, Plascencia's "notice of appeal" was construed as nothing more than a Rule 4(b)(4) motion for extension of time to file an appeal, which requires a finding of good cause or excusable neglect. See Golding, 739 F.2d at 184. As we noted in Golding, "[w]e presume neither the presence nor absence of excusable neglect but defer to the district court for this determination." Id. Seeking certiorari review of the denial of such a motion is not the same as seeking review of an adjudication of the merits of Plascencia's direct criminal appeal. Had Plascencia allowed the ten-day appeal period to expire and then done nothing, there is no doubt that the conviction would be final at the expiration of the ten days. Yet, the dissent's view, carried to its logical conclusion, would allow a defendant to rescind that finality and obtain tolling of the limitations period by filing a non-effective late notice, no matter how much time has passed after the conviction, simply because the defendant could always seek certiorari review of our decision on the subsequent treatment of the notice. We do not think such a result is in accord with the intent of the AEDPA.

PRISCILLA R. OWEN, Circuit Judge, dissenting:

Although there is room for debate as to when a "judgment of conviction becomes final" for purposes of 28 U.S.C. § 2255, I respectfully dissent. Our June 9, 2004 dismissal of Plascencia's direct criminal appeal was reviewable by the Supreme Court as part of that appeal. Accordingly, I would hold that Plascencia's judgment of conviction did not become final, within the meaning of § 2255, until the time for filing a petition for certiorari seeking review of that dismissal expired.

Plascencia has filed the instant motion seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2255. At issue is the meaning of subsection (f)(1) of that statute, which provides in pertinent part: "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . the date on which the judgment of conviction becomes final."[1]

Plascencia filed a notice of appeal after he was convicted but did so three days beyond the ten-day period specified in Rule 4(b)(1)(A)(i) of the Federal Rules of Appellate Procedure. Although the Government did not object to the late filing, this court, on its own motion, remanded to the district court to determine if there was good cause or excusable neglect within the meaning of Rule 4(b)(4). The district court concluded there was not, and we agreed, dismissing the appeal as untimely.[2]

The Supreme Court has held in Clay v. United States that "[w]hen a defendant in a federal prosecution takes an unsuccessful direct appeal from a judgment of conviction, but does not next petition for a writ of certiorari . . . a judgment of conviction becomes final when the time expires for filing a petition

---

[1] 28 U.S.C. § 2255(f)(1).

[2] United States v. Plascencia, No. 04-10079 (5th Cir. June 9, 2004) (unpublished).

7

for certiorari contesting the appellate court's affirmation of the conviction."[3] In reaching this decision, the Court observed that "[f]inality is variously defined," and "its precise meaning depends on context."[4] The context of 28 U.S.C. § 2255 "is postconviction relief, a context in which finality has a long-recognized, clear meaning: Finality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."[5]

The direct appeal to the court of appeals at issue in Clay was apparently timely, and the court of appeals ruled on the merits, affirming the defendant's convictions. That is not the case here, and the Supreme Court has not addressed whether filing a timely notice of appeal makes a difference in construing section 2255(f)(1). But an order of a court of appeals dismissing an appeal as untimely could be reversed by the Supreme Court. An appeal on the merits could then proceed on remand, and it would seem that the underlying judgment of conviction would not be final until that appeal and the ensuing period for seeking certiorari concluded. We cannot know whether a court of appeals's dismissal will be reversed until the time for seeking a writ of certiorari has passed without the filing of such a petition or the filing and ultimate disposition of a certiorari petition has occurred.

In Eberhart v. United States the Supreme Court strongly indicated that the filing of a late notice of appeal in a direct federal criminal appeal does not deprive an appellate court of subject matter jurisdiction.[6] The Court discussed

---

[3] 537 U.S. 522, 524-25 (2003).

[4] Id. at 527.

[5] Id.

[6] 546 U.S. 12, 17-18 (2005).

its prior decision in United States v. Robinson[7] in which the defendants filed notices of appeal eleven days past the ten-day time period set forth in former Rule 37(a)(2) of the Federal Rules of Criminal Procedure. At the time, Rule 45(b) of the Federal Rules of Criminal Procedure provided that the district court could enlarge periods of time set forth in the rules for excusable neglect, "'but the court may not enlarge . . . the period for taking an appeal.'"[8] The Supreme Court held in Robinson that this language was plain and observed that "courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional."[9] It therefore held that the district court had no authority to extend the time for filing a notice of appeal.[10] But in Eberhart, the Supreme Court explained that the ten-day time period was not jurisdictional but instead "describe[d] emphatic time prescriptions in rules of court.'"[11] The Court observed, "[w]e need not overrule Robinson . . . to characterize" certain rules of procedure "as claim[s]-processing rules."[12]

The ten-day filing period in Federal Rule of Appellate Procedure 4(b)(1)(A)(i) accordingly appears to be a nonjurisdictional claims-processing rule in criminal cases.[13] This is because the ten-day period for filing a notice of appeal in a criminal case has been established by a court rule not by statute.[14]

---

[7] 361 U.S. 220, 221 (1960).

[8] Id. at 223 (quoting former Rule 45(b)).

[9] Id. at 229.

[10] Id. at 230.

[11] 546 U.S. at 18 (quoting Kontrick v. Ryan, 540 U.S. 443, 454 (2004)).

[12] Id. at 16.

[13] See id. at 15-16.

[14] See generally Bowles v. Russell, 127 S. Ct. 2360, 2365 (2007) (explaining the "distinction between court-promulgated rules and limits enacted by Congress" and that the 90-day period for filing a petition for a writ of certiorari in the Supreme Court is a "statute-based

If the Government fails to object in a criminal case to the late filing of a notice of appeal, the objection may be forfeited.[15] It seems incorrect, therefore, for the panel majority to conclude that when "we dismissed Plascencia's 'appeal,' there was no direct appeal pending because Plascencia had never filed an effective direct appeal of his conviction."[16] At least while proceedings were pending in our court and an issue of whether there was good cause or excusable neglect was under consideration, the notice of appeal was extant. The appeal may have been subject to dismissal because it was untimely, but that would not seem to render it a nullity from its inception. But in any event, review of our dismissal order was part of the direct appeal process, and Plascencia's judgment of conviction did not become final within the meaning of § 2255(f)(1) until the direct review process had come to an end.

In construing similar, though not identical, provisions in the one-year limitation pertaining to habeas review of state convictions in 28 U.S.C. § 2244(d)(1), which provides "[t]he limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review,"[17] the Supreme Court emphasized "the conclusion of direct review."[18] The Court said, "[w]hen

---

filing period for civil cases" and thus "jurisdictional" but in criminal cases, "'[t]he procedural rules adopted by the Court for the orderly transaction of its business are not jurisdictional and can be relaxed by the Court in the exercise of its discretion.'") (quoting Schacht v. United States, 398 U.S. 58, 64 (1970)).

[15] See Eberhart, 546 U.S. at 18; cf. Day v. McDonough, 547 U.S. 198, 202 (2006) (holding that a "federal court ha[s] discretion . . . to dismiss [a habeas petition] as untimely under AEDPA's one-year limitation" even though the State asserted the petition was timely; if this holding were extended by analogy, then a court of appeals might sua sponte question the timeliness of a notice of appeal in a federal criminal appeal).

[16] Ante, p. __ n.17.

[17] 28 U.S.C. § 2244(d)(1).

[18] Lawrence v. Florida, 127 S. Ct. 1079, 1083 (2007) (emphasis in original).

interpreting similar language in § 2255, we explained that 'direct review' has long included review by this Court. . . .  Indeed, we noted that '[t]he Courts of Appeals have uniformly interpreted "direct review" in § 2244(d)(1)(A) to encompass review of a state conviction by this Court.'"[19]  The effect of a late notice of appeal was not before the Supreme Court, but its rationale indicates that "direct review" and "the time for seeking such review" does not end simply because the direct appellate process proceeds no further than a state court of last resort or federal appellate court.  In Clay, the Supreme Court considered at some length the similarities and differences between the respective one-year limitation periods in § 2244(d)(1)(A) and § 2255(f)(1) and concluded that "[a]n unqualified term—here 'becomes final'— . . . calls for a reading surely no less broad than a pinpointed one—here, § 2244(d)(1)(A)'s specification 'became final by the conclusion of direct review or the expiration of the time for seeking such review.'"[20] "[B]ecomes final" includes the time for filing a petition for writ of certiorari with the Supreme Court even if no petition is filed.[21]

None of the three decisions from other circuits cited by the panel majority are directly on point.  In Moshier v. United States, the defendant did not attempt a direct appeal of his federal conviction at all.[22]  The Second Circuit's unremarkable holding was that "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."[23]  The Sixth Circuit in Sanchez-Castellano v. United States came closer

---

[19]  Id. (quoting Clay v. United States, 537 U.S. 522, 527-28 (2003)).

[20]  Clay, 537 U.S. at 530.

[21]  Id. at 532.

[22]  402 F.3d 116, 117 (2d Cir. 2005) ("Moshier did not file a direct appeal from the judgment, possibly because he had waived his right to appeal in a plea agreement.").

[23]  Id. at 118.

to deciding the question before us, but the court's statements on which the majority presumably relies are dicta because the defendant in Sanchez-Castellano had not filed any appeal, timely or otherwise, from his underlying federal conviction.[24]  The Sixth Circuit said in that case, "At least in the absence of an actual district court determination of good cause or excusable neglect, that date [the date the judgment becomes final for purposes of 28 U.S.C. § 2255] is ten days after the entry of judgment."[25]  This arguably implies that if a late appeal were filed, and the district court failed to find good cause or excusable neglect, the judgment would be considered final ten days after the entry of judgment.  But the Sixth Circuit had no occasion to consider the outcome if the defendant had petitioned the Supreme Court to review the dismissal of his appeal or even if he had not so petitioned.  The Sixth Circuit was focused solely on the argument that thirty days should be added to the ten-day window to appeal in every case because of the possibility of an extension for time to appeal pursuant to Rule 4.  The court rejected that argument.  Even in this regard, the Sixth Circuit's actual holding was only that when there is no direct appeal of the judgment of conviction, that judgment became final when the time for filing a direct appeal expired.[26]  The third case cited by the majority, the Third Circuit's decision in Kapral v. United States,[27] addressed essentially the same question

---

[24]  358 F.3d 424, 424-25 (6th Cir. 2004) ("The issue presented in his appeal is whether, for a federal defendant who did not seek a direct appeal, the one-year statute of limitations for § 2255 cases starts ten days or forty days after entry of the judgment of conviction.  The time for filing a direct appeal is ten days after entry of judgment, but pursuant to Federal Rule of Appellate Procedure 4(b)(4) a federal defendant can seek an extension of time—for excusable neglect or good cause—up to the fortieth day after entry of judgment.  Sanchez-Castellano maintains that the judgment did not become final until the last possible opportunity to seek review of his sentence had passed.").

[25]  Id. at 427.

[26]  Id. at 428.

[27]  166 F.3d 565 (3d Cir. 1999).

subsequently presented to the Supreme Court in Clay.[28]  The defendant in Kapral appealed his conviction, it was affirmed, and he did not file a petition for certiorari.[29]  The Third Circuit held that the one-year limitation period under 28 U.S.C. § 2255 did not commence until the time for filing with the Supreme Court expired.[30]

The panel majority concludes that even if Plascencia had filed a petition for certiorari "following our dismissal", that petition "would not have contested direct review of his conviction.  Instead, it would have concerned only our ruling that the district court did not abuse its discretion by declining to grant Plascencia an appeal."[31]  This is a reasonable argument, but on balance, it would seem that 28 U.S.C. § 2255(f)(1)'s focus is when a criminal conviction in a federal court becomes final and no longer subject to direct review rather than the intricacies of how the direct appeal process is concluded.  As considered above, if a defendant failed to petition for a writ of certiorari after an appeal was decided, we could say at the end of the ninety-day period for filing that we now know the appeal was final when the court of appeals issued its mandate.  But that is not how the Supreme Court has construed 28 U.S.C. § 2255.[32]

The panel majority says "the dissent's view, carried to its logical conclusion, would allow a defendant to . . . obtain tolling of the limitations period by filing a non-effective late notice, no matter how much time has passed after

---

[28]  Clay v. United States, 537 U.S. 522 (2003).

[29]  Kapral, 166 F.3d at 567.

[30]  Id. ("Appellant Michael Kapral did not file a petition for certiorari, but he filed his § 2255 motion within one year of the date on which his time to seek certiorari review expired. We hold that his filing was timely. . . .").

[31]  Ante, p. __.

[32]  See Clay, 537 U.S. 529 (rejecting the argument that "[w]hen a convicted defendant does not seek certiorari on direct review, § 2255's limitations period starts to run on the date the court of appeals issues its mandate.").

the conviction, simply because the defendant could always seek certiorari review of our decision on the subsequent treatment of the notice."[33] I disagree because that was not Congress's intent. Section 2255 is part of AEDPA, which was passed by Congress in 1996. At that time the Supreme Court's precedent held that federal courts did not have jurisdiction to entertain an appeal if the notice of appeal was filed beyond the time prescribed by the rules.[34] A notice of appeal filed beyond any even arguably applicable time limit under the rules, which would have been the ten-day period and any extensions permitted by the rules, up to forty days in total, would not be part of the direct appeal process because jurisdiction over a direct appeal was no longer possible. Congress did not intend an open-ended habeas process, and 28 U.S.C. § 2255(f)(1) should be construed in light of Supreme Court precedent in 1996.

The judgment of conviction, the panel majority concludes, became final January 12, 2004, even though this court did not dismiss Plascencia's appeal until June 9, 2004; a certiorari petition could have been filed up to ninety days after that date, and at least theoretically, Plascencia's direct appeal could have proceeded if the Supreme Court had granted a certiorari petition and remanded. I find it difficult to believe that Congress intended the one-year limitation period to commence before the final outcome of proceedings regarding a notice of appeal from a judgment of conviction occurred. I therefore, with great respect for my colleagues, dissent.

---

[33] Ante, p. __ n.17.

[34] See United States v. Robinson, 361 U.S. 220, 229 (1960) ("The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional.").