**UNITED STATES of America,**

v.

**Eliot SASH, Defendant.**

**No. 02 Crim. 1519(LAK).**

United States District Court,
S.D. New York.

Oct. 14, 2008.

Harry A. Chernoff, Assistant United States Attorney, United States Attorney, New York, NY, for Plaintiff.

## ORDER

LEWIS A. KAPLAN, District Judge.

Defendant pleaded guilty to one count of fraud in connection with identification in violation of 18 U.S.C. § 1028, and one count of access device fraud in violation of 18 U.S.C. § 1029. He was sentenced on January 23, 2004 to a term of twenty-seven months imprisonment and eight years supervised release. Sash appealed. The Second Circuit affirmed the conviction and sentence of imprisonment, but vacated the term of supervised release and remanded.[1] Judge Casey re-sentenced Sash, principally to a term of twenty-seven months imprisonment and two years and nine months supervised release. Sash then was found to have violated the conditions of his supervised release. Judge Casey sentenced him to twenty-four months imprisonment and twelve months supervised release. Sash again appealed. On December 13, 2007, the Second Circuit issued a summary order vacating the supervised release portion of that sentence.

The Court is now in receipt of a letter from Sash in which he seeks: (1) the return of property seized by the government; (2) to appeal Judge Casey's denial of his Hyde Amendment motion; and (3) assistance in pursuing a collateral attack of his conviction.

*Return of Property*

 FEDERAL RULE OF CRIMINAL PROCEDURE 41(e) provides a method for return

---

1. *See United States v. Sash,* 396 F.3d 515 (2d Cir.2005).

of seized property in a criminal case. While criminal proceedings are ongoing, a district court should treat a request such as Sash's as a RULE 41(e) motion.[2] After a case is concluded, however, "a property owner may have other rights under statutory or common law for return of property wrongfully seized, but he has no such right under RULE 41(e)."[3] Where, as here, criminal proceedings against the movant have been completed, a district court properly treats a request for return of property as a civil complaint.[4] Accordingly, the Court will treat Sash's letter as an attempt to commence a new civil action against the United States. Upon Sash's payment of the filing fee or, alternatively, the approval of any *in forma pauperis* application Sash may file, the Clerk shall file a copy of Sash's letter as a civil complaint and issue a summons. Sash is alerted that failure to serve the summons within 120 days after the complaint is filed will result in a dismissal of the complaint.[5]

### The Hyde Amendment Motion

The government shall respond to Sash's allegations relating to his Hyde Amendment appeal within thirty days.

### Appointment of Counsel

Sash requests that the Court appoint counsel to represent him in collaterally attacking his conviction. The claims Sash presents at this stage are vague and may be untimely.[6] On this record, it is thus difficult to evaluate his request for counsel.

■■ There is no right to the appointment of counsel in civil cases. While the Court may designate a case as deserving of counsel willing to take on the matter on a *pro bono* basis, such designations should be granted with due regard to the fact that the lawyers willing to do these cases are far fewer than the cases in which appointments are sought. In *Cooper v. A. Sargenti Co.*,[7] the Court of Appeals articulated the standard to be applied as follows:

> "[T]he district judge 'should first determine whether the indigent's position was likely to be of substance.' Only 'if the claim meets this threshold requirement, the court should then consider other criteria.' Those secondary criteria include plaintiff's ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the

2. *See, e.g., Onwubiko v. United States*, 969 F.2d 1392, 1397–98 (2d Cir.1992), *overruled on other grounds as recognized in Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 651 (2d Cir.1998).

3. *See id.*

4. *Id.* at 1398; *see also Mora v. United States*, 955 F.2d 156, 158 (2d Cir.1992).

5. FED.R.CIV.P. 4(m).

6. It appears, at the very least, that a 28 U.S.C. § 2255 motion may be untimely. The limitations period for filing a § 2255 motion is one year. *Id.* § 2255(f). The district court entered an amended judgment of conviction on August 17, 2005. When Sash did not appeal,

this judgment became final on August 31, 2005. *See Moshier v. United States*, 402 F.3d 116, 118–19 (2d Cir.2005); FED. R.APP. P. 4(b) & 26(a)(2). The Court did not receive Sash's letter until May 5, 2008, more than two and a half years after the judgment became final. Thus, assuming the § 2255 limitation period ran from the date Sash's judgment of conviction became final, *see* 28 U.S.C. § 2255(f)(1), Sash's motion would be untimely. Due to the vagueness of Sash's claims, however, it is not possible to determine whether the one year limitation period did not begin to run until a later date, for example, the date on which the facts supporting his claim "could have been discovered through the exercise of due diligence." *See id.* § 2255(f)(4).

7. 877 F.2d 170, 172 (2d Cir.1989).

need for expertly conducted cross-examination to test veracity."

 Given the vague claims currently before the Court, the Court is unable to conclude that the case is "likely to be of substance." Accordingly, the motion for appointment of counsel is denied without prejudice to renewal. The government shall respond to Sash's allegations that he is entitled to collateral relief.

SO ORDERED.