08-3233-pr
Negron v. United States

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of October, two thousand ten.

PRESENT:
> ROSEMARY S. POOLER,
> PETER W. HALL,
> DEBRA A. LIVINGSTON,
> > *Circuit Judges.*

_____

JOSE NEGRON,
> > *Plaintiff-Appellant,*

> > v.                                          No. 08-3233-pr

UNITED STATES OF AMERICA,
> > *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:          SALLY WASSERMAN, New York, New York.

1

FOR DEFENDANT-APPELLEE:        NICOLE M. ARGENTIERI  (Peter A. Norling, of counsel), Assistant United States Attorneys, for Loretta E. Lynch, United States Attorney for the Eastern District of New York.

Appeal from two judgments of the United States District Court for the Eastern District of New York (Weinstein, *J.*).  **UPON DUE CONSIDERATION**, **it is hereby ORDERED, ADJUDGED, AND DECREED**, that the judgments of the district court are **VACATED in part** and **AFFIRMED in part**.

Negron appeals the May 2008 dismissal of his converted habeas petition and the June 2008 dismissal of his motion for reconsideration.  Because this action presents a complicated background, we briefly summarize the relevant facts and procedural history.  We assume the parties' familiarity with the remaining facts and procedural history.

## I.    Background

Plaintiff-appellant Jose Negron pleaded guilty in June 2000 to kidnapping, conspiracy to commit robbery, and use of a firearm during a robbery.  The district court sentenced him to 316 months' imprisonment.  Negron appealed his conviction before this court.  While his appeal was pending, Negron filed a habeas petition under 28 U.S.C. § 2255, but then moved to withdraw his petition before the government responded.  The district court granted Negron's motion without prejudice.  Negron's counsel submitted an *Anders* brief, and we affirmed the conviction in June 2004.

In January 2005, Negron filed a *pro se* motion pursuant to Federal Rule of Civil Procedure 60(b) to reopen and vacate his judgment of conviction.  The motion alleged, *inter alia*,

2

that Negron's trial and appellate counsel had been ineffective.  The district court dismissed the

motion in May 2005:

> Negron has incorrectly brought his motion under Rule 60(b), which only applies
> to civil matters.  The motion is dismissed.
> At this point in time, the only avenue to address these claims is apparently a
> habeas petition . . . .  Section 2255 contains certain hazards, including a restriction
> on "second or successive" petitions.

Negron appealed this order, and we upheld the district court's dismissal in January 2006.

*Negron v. United States*, 164 F. App'x 158 (2d Cir. 2006) (summary order).

In October 2007, Negron filed a *pro se* motion for reduction in sentence pursuant

to 18 U.S.C. § 3582(c).  The motion was assigned to a magistrate judge who appointed counsel.

In a December 2007 letter, Negron's newly appointed counsel advised the court that

the statute of limitations on a section 2255 habeas petition had expired,[1] but requested that the

district court deem his previously-filed 2005 Rule 60(b) motion to be a habeas petition.  The

letter also set forth the two claims contained in the Rule 60(b) motion that would be before the

district court if it did grant Negron's request for conversion.

Following a non-evidentiary hearing, the district court granted Negron's request and

entered an order on May 12, 2008, converting the January 2005 Rule 60(b) motion, *nunc pro*

*tunc*, to a section 2255 petition.  The district court then dismissed that converted petition on the

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires, except under certain circumstances not relevant here, that a section 2255 petition must be filed within one year from the date on which the judgment of conviction becomes final.  28 U.S.C. § 2255(f).  The Supreme Court has ruled that a judgment of conviction becomes final when the Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires."  *Clay v. United States*, 537 U.S. 522, 527 (2003).

3

merits and declined to issue a certificate of appealability. In doing so, the court noted that "'Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize [it] in order to place it within a different legal category.' *Castro v. United States*, 540 U.S. 375, 381 (2003)" and that Negron "should not be penalized for his misinterpretation of formal procedural requirements."

That same month, on May 24, 2008, following dismissal of the converted motion, Negron moved for reconsideration of the district court's recently entered order. In this filing, Negron submitted five additional grounds for collateral relief. The district court denied that motion for reconsideration in June 2008, noting that the motion, with its five new arguments, was "in effect a second petition for section 2255 relief which this court does not have subject matter to consider." The district court also denied Negron a certificate of appealability with respect to its denial of this motion for reconsideration. Negron timely appealed both of the district court's rulings. We now vacate in part and affirm in part.

## II.     The May 12, 2008 district court ruling

Negron first appeals the district court's dismissal of the May 2005 Rule 60(b) motion that the district court converted *nunc pro tunc* to a section 2255 petition. In general, we review a district court's decision to grant or deny an equitable remedy for abuse of discretion, *see Abrahamson v. Bd. of Educ. of Wappingers Falls Cent. Sch. Dist.*, 374 F.3d 66, 76 (2d Cir. 2004), and it is well-established that "the doctrine of *nunc pro tunc* is a[n] . . . equitable remedy," *Iouri v. Ashcroft*, 464 F.3d 172, 182 (2d Cir. 2006) (internal quotation marks omitted); *cf. McCarthy v. Doe*, 146 F.3d 118, 123 n.4 (2d Cir. 1998). "A district court abuses its discretion

when it rests its decision on a clearly erroneous finding of fact or makes an error of law."

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 34 (2d Cir. 2010).

*Nunc pro tunc*, Latin for "now for then," refers to a court's inherent power to enter an order having retroactive effect. Black's Law Dictionary 1100 (8th ed. 2004). In *Iouri*, we wrote:

> When a matter is adjudicated *nunc pro tunc*, it is as if it were done as of the time that it should have been done. It is a far-reaching equitable remedy applied in certain exceptional cases, typically aimed at rectifying any injustice to the parties suffered by them on account of judicial delay.

*Iouri*, 464 F.3d at 182 (brackets, citations, and internal quotations marks omitted). It is also often used as a remedy for adjudicative error. *See id.*

In this case, it cannot be said that the district court committed error in adjudicating the initial Rule 60(b) motion in the manner in which it did in May 2005. The court had the choice of either converting the motion or addressing it on its own terms. It initially chose the latter option as, indeed, we have stated is perfectly appropriate. *See Gitten v. United States*, 311 F.3d 529, 534 (2d Cir. 2002).

Finally, in denying Negron's Rule 60(b) motion, the district court expressly indicated that Negron could file a section 2255 petition to pursue the relief he sought. As noted above, this Court affirmed the district court's dismissal of Negron's Rule 60(b) motion in January 2006, stating that "the district court correctly dismissed the motion because Negron sought relief unavailable under Rule 60(b)." *Negron*, 164 F. App'x at 158-59.

Because there appears to have been no adjudicative error or judicial delay, we conclude that the situation is not properly labeled an "exceptional case" justifying the use of the "far-

5

reaching remedy" of *nunc pro tunc* conversion. *See Iouri*, 464 F.3d at 182. Consequently, there was no basis for the district court to convert the 2005 Rule 60(b) motion into a petition under section 2255 as the court did in May 2008. We therefore vacate the court's May 12, 2008 judgment insofar as it converted Negron's original Rule 60(b) motion that had already been thoroughly and properly adjudicated and was not eligible to be converted, *nunc pro tunc*, into a section 2255 motion.

### III. The June 16, 2008 district court ruling

Negron next appeals the district court's June 16, 2008 ruling in which the district court disposed of Negron's May 24, 2008 motion for reconsideration of its May 12 decision and order and the five new grounds raised in this motion for reconsideration that had not been previously argued. The district court advanced two bases for its decision. First, it determined that there was no merit to Negron's arguments for reconsideration of the May 12, 2008 order.[2] Second, it deemed the new arguments in Negron's petition for reconsideration to be a second (successive) petition for section 2255 relief and concluded that it did not have jurisdiction to consider them. We review *de novo* the legal conclusions supporting a dismissal on jurisdictional grounds. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). For the reasons that follow, we

---

[2] Although we review an appeal from the denial of a motion for reconsideration for an abuse of discretion, *see Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004), to the extent that we have vacated the district court's May 12, 2008 order, we do not address the merits of Negron's May 24, 2008 motion for reconsideration of that order. We instead review only the district court's treatment of the new claims raised by Negron. *See infra*.

hold that the district court erred when it concluded that it lacked jurisdiction to consider Negron's motion for reconsideration with respect to the newly argued grounds.[3]

1. <u>Jurisdiction</u>

AEDPA provides that before a second or successive habeas petition may be filed, the petitioner must move this Court for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *Whab v. United States*, 408 F.3d 116, 118 (2d Cir. 2005). We noted in *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002), that although AEDPA does not define what constitutes a "second or successive" section 2255 motion, "it is clear that for a petition to be 'second or successive' within the meaning of the statute, it must at a minimum be filed subsequent to the conclusion of a proceeding that 'counts' as the first." *Id.* at 177; *see also Whab*, 408 F.3d at 118 ("[S]o long as appellate proceedings following the district court's dismissal of the initial petition remain pending when a subsequent petition is filed, the subsequent petition does not come within AEDPA's gatekeeping provisions for 'second or successive' petitions."). Finally, it is well-established that "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *see also Ching*, 298 F.3d at 180 n.5 ("The filing of the notice of appeal divest[s] the district court of jurisdiction over [petitioner]'s original § 2255 motion.").

---

[3] The government concedes that "Negron is correct in arguing that, under *Ching* and *Whab*, the district court erroneously viewed the motion for reconsideration as a successive Section 2255 petition rather than as a motion to amend," and that under *Whab*, the court could have considered the new claims.

In this case, the district court converted Negron's 2005 Rule 60(b) motion to a section 2255 petition on May 12, 2008. On the same day, the court dismissed that converted motion on the merits and declined to issue a certificate of appealability. Twelve days later, on May 24, 2008, Negron sought reconsideration of the May 12 decision and put forth five additional grounds for relief. The district court denied that motion on June 16, 2008. On June 24, 2008, Negron filed a notice of appeal covering both the May 12, 2008 and June 16, 2008 orders. Because the May 12, 2008 order denying the section 2255 petition was still appealable (but had not yet been appealed) when Negron moved for reconsideration and advanced five additional grounds for relief, that motion for reconsideration was not a successive petition requiring the Circuit's permission to be filed. Accordingly, the district court was not without jurisdiction to consider the five new grounds that were advanced at that time. Nonetheless, in the procedural posture in which Negron's putative section 2255 motion has been advanced before the Court, we conclude that remand would be futile because that motion—the motion to reconsider filed May 24, 2008—must be considered an independent—although not a second or successive—motion for section 2255 relief.

2.    Remand would be futile

In *Ching*, we observed that "*in general*, when a § 2255 motion is filed before adjudication of an initial § 2255 motion is complete, the district court should construe the second § 2255 motion as a motion to amend the pending § 2255 motion." *Ching*, 298 F.3d at 177 (emphasis added). Such treatment, however, is not appropriate in all cases. In *Whab*, for example, we noted that treating a subsequent section 2255 motion as a motion to amend an initial

8

section 2255 motion may not be appropriate where proceedings before the district court preclude its treatment in such a manner. 408 F.3d at 119.

In this case, it is improper to treat the May 2008 motion for reconsideration as a motion to amend an original section 2255 petition.[4] A party seeking to amend following the entry of judgment must first have that judgment vacated or set aside by filing a motion under either Fed. R. Civ. P. 59(e) or 60(b). *Cf. Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008). Negron, however, never sought to have the judgment in what the district court considered his initial section 2255 motion vacated or set aside. Nor did his May 2008 motion for reconsideration set forth any rationale for doing so. Instead, it presented a variety of *new claims* alleging constitutional error in his underlying criminal proceedings. A motion to reconsider, however, is an improper means to raise new grounds for habeas relief that could have been presented in the earlier habeas proceeding. *See Gitten*, 311 F.3d at 534 (new attacks on an underlying conviction are "beyond the scope of Rule 60(b)"); *see also Gold v. Deutsche Aktiengesellschaft*, 365 F.3d 144, 149 n.4 (2d Cir. 2004) (district court was well within its discretion to disregard new allegations made in a motion for reconsideration when plaintiff-appellant knew the facts underlying the new allegations when he initially filed his complaint).

Although Negron attempts to justify his failure to include these new claims in his initial pleading, his arguments are without merit. He first contends that the district court improperly converted his initial purported Rule 60(b) motion without giving him an opportunity to amend

---

[4] For the sake of analyzing the propriety of the district court's ruling on Negron's motion for reconsideration, we assume that there *was* an initial section 2255 petition, to wit, one that the court created upon the *nunc pro tunc* conversion of the Rule 60(b) motion.

that motion. While we might have been persuaded if the district court had converted the motion *sua sponte* and without Negron's consent, *see Simon v. United States*, 359 F.3d 139, 139-40 (2d Cir. 2004), that is not what happened here. Rather, Negron, represented by counsel, expressly requested the conversion and sought review of a limited set of claims. We have previously indicated that under these circumstances, there is no need to afford a petitioner the right to amend. *See Villanueva v. United States*, 346 F.3d 55, 63 (2d Cir. 2003) (petitioner precluded from filing new claims in a "second or successive" petition because he knew or should have known about certain evidence when he filed his initial petition).

Negron next asserts that his counsel below, Margaret M. Shalley, was not authorized to pursue a section 2255 action and therefore rendered ineffective assistance. While it appears such an assertion is belied by the record we also note that there is no constitutional right to effective assistance of counsel during a habeas proceeding, *see United States v. Doe*, 365 F.3d 150, 155 (2d Cir. 2004). A section 2255 petitioner wishing to attack the integrity of a previous habeas proceeding must demonstrate "extraordinary circumstances" and show that "his lawyer abandoned the case and prevented the client from being heard, either through counsel or *pro se*." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). Negron cannot make such a showing—his counsel took repeated and competent action on his behalf, securing, if nothing else, consideration on the merits of several claims of error in his original criminal proceeding. In short, there is insufficient evidence to show that Negron's counsel was deficient.

Consequently, we deem Negron's May 24, 2008 motion for reconsideration to the extent it advances five new claims to be an *independent* section 2255 petition and not a motion to

10

amend the earlier purported section 2255 petition. As an independent petition, it was required to have been filed within one year of his judgment of conviction becoming final which occurred here after the time for filing a certiorari petition expired. *See* 28 U.S.C. § 2255(f); *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005). We affirmed Negron's conviction and sentence on June 17, 2004. He therefore had until September 15, 2004, to seek a writ of certiorari[5]—his one year clock began ticking on September 16, 2004, and expired on September 16, 2005. Accordingly, Negron was over two and a half years out of time.

We recognize that Negron was proceeding *pro se* in 2005 and may not have been sure as to the proper course of action after the district court issued its decision denying his Rule 60(b) motion—i.e., whether to appeal the district court's denial of the motion or to file a section 2255 motion.[6] *See Negron v. United States*, 164 F. App'x 158 (2d Cir. 2006) (summary order). We have previously indicated that we would be willing to toll periods in which judicial action created confusion as to the proper course of action. Even were we to do that, however, Negron's five new claims would be untimely. For example, using the date of this Court's affirmance of the denial of the initial Rule 60(b) motion and factoring in the ninety days in which Negron could have petitioned for a writ of certiorari, the clock would have begun ticking on May 3, 2006, and the one year would have expired on May 2, 2007—one year before Negron advanced

---

[5] Supreme Court Rule 13 requires that a petition for a writ of certiorari be filed within 90 days after the entry of judgment by a court of appeals. "[I]f a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for a writ of certiorari for all parties . . . runs from the date of the denial of rehearing . . . ." Sup. Ct. R. 13(3).

[6] We affirmed the denial of the Rule 60(b) motion on January 31, 2006—after the time in which Negron could ordinarily have filed a section 2255 petition had expired.

these claims. The most generous interpretation of Negron's filings would be to treat his October 15, 2007 motion for a reduction of sentence under 18 U.S.C. § 3582(c) as, in some sense, a habeas petition to which the five additional claims could be added. *See Castro v. United States*, 540 U.S. 375, 381 (2003) ("Federal courts sometimes will ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category."). Even doing so, however, the five claims were filed more than one year after the Rule 60(b) motion was fully adjudicated. While Negron's failure to timely file may be an unfortunate outcome, that outcome is merely the generalized consequence of abiding by limitations periods. *See, e.g.*, *Smith v. McGinnis*, 208 F.3d 13, 18 (2d Cir. 2000).[7]

Finding for the reasons stated that Negron's claims are time-barred, we thus affirm the district court's dismissal of Negron's motion for reconsideration. *See Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 127 n.3 (2d Cir. 2009) ("we may affirm the judgment of the district court on any ground appearing in the record" (internal quotation marks omitted)).

*     *     *     *

---

[7] We also conclude that the circumstances of this case do not rise to the level of "rare and exceptional circumstances" so as to merit equitable tolling of the limitations period. *Doe v. Menefee*, 391 F.3d 147, 159 (2d Cir. 2004) (internal quotation marks omitted). A review of the AEDPA cases in which equitable tolling has been invoked reveals egregious facts wholly unlike those Negron presents here. *See, e.g.*, *Bolarinwa v. Williams*, 593 F.3d 226, 232 (2d Cir. 2010) (holding that equitable tolling of the AEDPA one-year statute of limitations due to mental illness may be warranted if habeas petitioner demonstrated that her illness "constituted an 'extraordinary circumstance' severely impairing her ability to comply with the filing deadline, despite her diligent efforts to do so"); *Baldayaque v. United States*, 338 F.3d 145, 152 (2d Cir. 2003) (equitable tolling may be merited where an attorney's conduct is so outrageous and incompetent that it is truly extraordinary); *Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000) (equitable tolling may be merited where prison officials intentionally obstruct a petitioner's ability to file his petition by confiscating his legal papers).

12

We have carefully reviewed the remainder of Negron's arguments and find them to be without merit.  Accordingly, the judgment of the district court is **VACATED in part** and **AFFIRMED in part**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk