Ciriaco v. United States

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of March, two thousand thirteen.

PRESENT:
> ROBERT A. KATZMANN,
> DENNY CHIN,
> > *Circuit Judges*,
> MIRIAM GOLDMAN CEDARBAUM,[*]
> > *District Judge.*

---

ESMERALDO CIRIACO,

> *Petitioner - Appellant*,

v.                                                                12-1737

UNITED STATES OF AMERICA,

> *Respondent - Appellee.*

---

FOR PETITIONER-APPELLANT:        Esmeraldo Ciriaco, *pro se*, Otisville, NY.

FOR RESPONDENT-APPELLEE:        Rebecca Mermelstein and Katherine Polk Failla, Assistant United States Attorneys, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

---

[*]The Honorable Miriam Goldman Cedarbaum, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from an order of the United States District Court for the Southern District of New York (McKenna, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order is **AFFIRMED**.

Appellant Esmeraldo Ciriaco, proceeding *pro se*, appeals from the district court's order rejecting his Federal Rule of Civil Procedure 60(b)(6) motion for relief from the district court's earlier order denying his 28 U.S.C. § 2255 habeas petition. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a district court's ruling on a Rule 60(b) motion for abuse of discretion. *See Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001). "Under this standard, we must affirm the grant or denial of vacatur, unless the ruling [is based] on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks omitted).

With the exception of Ciriaco's ineffective assistance of counsel claim, all of the claims asserted by Ciriaco in his Rule 60(b) motion are barred because Ciriaco failed to raise them on direct appeal and has not shown cause and prejudice for that failure. *See Massaro v. United States*, 538 U.S. 500, 504-05 (2003). Even if we were to treat Ciriaco's Rule 60(b) motion as an independent § 2255 habeas claim[1], *see, e.g., Negron v. United States*, 394 F. App'x 788, 792-794 (2d Cir. 2010) (summary order), the district court correctly denied the motion. Ciriaco's new

---

[1] Normally, under similar circumstances, the district court would have the option of treating the improper Rule 60(b) motion as a second or successive habeas petition and transferring it to the Court of Appeals for possible certification. *See Gitten*, 311 F.3d at 534. However, the Rule 60(b) motion in this case is apparently not tantamount to a successive petition because it was filed before the denial of Ciriaco's first § 2255 motion became final. *See Whab v. United States*, 408 F.3d 116, 120 (2d Cir. 2005) (holding that habeas adjudication does not become "final until petitioner's opportunity to seek review in the Supreme Court has expired").

claims for habeas relief, including his ineffective assistance of counsel claim, would all be barred as untimely because the new "habeas petition" (*i.e.*, the Rule 60(b) motion) was not filed within one year of the judgment of conviction becoming final. *See* 28 U.S.C. § 2255(f); *Clay v. United States*, 537 U.S. 522, 527-28 (2003).

We have considered all of Ciriaco's remaining arguments and find them to be without merit. For the foregoing reasons, the order of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk