UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Henry GOLDING,
Defendant-Appellant.

No. 84–1608.

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1984.

Craig A. Washington, Houston, Tex., for defendant-appellant.

Helen M. Eversberg, U.S. Atty., Sidney Powell, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, TATE, GARWOOD, Circuit Judges.

PER CURIAM:

On June 18, 1984, the district court set bond at $1,000,000 cash or corporate surety for Robert Henry Golding who is awaiting trial on four counts of narcotics law violations, 21 U.S.C. §§ 801, 841(a)(1), 846, 848, 952, 963 and one count of making a false statement in an application for a United States passport in violation of 18 U.S.C. § 1542. The record before us contains a Notice of Appeal filed later than ten days, but less than forty days after the entry of the order appealed from. The notice of appeal in a criminal case must be "filed in the district court within 10 days after the entry of the judgment or order appealed from." Fed.R.App.P. 4(b); see Wood v. U.S., 391 F.2d 981, 983 n. 1 (D.C.Cir.1968); see generally 3A C. Wright, Federal Practice and Procedure, § 772 at 160 (2d ed. West 1982). However, Fed.R.App.P. 4(b) allows the district court to grant an additional thirty days with or without motion and notice. The filing of an untimely notice of appeal within the additional thirty-day period is customarily treated by this Court in criminal cases "as a motion for a determination as to whether excusable neglect entitled a defendant to an extension of time to appeal." U.S. v. Awalt, 728 F.2d 704, 705 (5th Cir.1984). Golding's notice was filed within the additional period for excusable neglect.

We are compelled to raise sua sponte the issue of timeliness for a timely notice of appeal is essential to our jurisdiction on appeal. Nelson v. Foti, 707 F.2d 170 (5th Cir.1983). The ten day period prescribed by Rule 4(b) for noticing an appeal in a criminal case may be extended by the district court upon a finding of excusable neglect. See United States v. Scott, 672 F.2d 454 (5th Cir.1982). We presume neither the presence nor absence of excusable neglect but defer to the district court for this determination.

Remanded for a determination whether the Notice of Appeal should be deemed timely under Fed.R.App.P. 4(b).

REMANDED.