**The UNITED STATES of America, Plaintiff–Appellee,**

v.

**Manuel GARCIA–MACHADO, Defendant–Appellant.**

No. 87–3613
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

May 4, 1988.

Manuel Garcia–Machado, pro se.

Robert J. Boitmann, Gerard Deegan, Asst. U.S. Attys., New Orleans, La., for plaintiff-appellee.

Before GEE, POLITZ, and JOHNSON, Circuit Judges.

PER CURIAM:

This Court must examine the basis of its jurisdiction, on its own motion, if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). An examination of the record in this case discloses an untimely notice of appeal.

On February 9, 1987, the district court denied Garcia–Machado's motion to vacate sentence under 28 U.S.C. § 2255. The § 2255 motion was based on allegations of an involuntary guilty plea and ineffective assistance of counsel. The judgment denying the § 2255 motion was entered February 11, 1987. Garcia–Machado did not file a notice of appeal within 60 days of entry of the judgment. *See* Fed.R. App.P. 4(a)(1).

On July 27, 1987, Garcia–Machado moved to reduce his sentence pursuant to Fed.R. Crim.P. 35. In an order entered July 29, 1987, the district court denied the Rule 35 motion for lack of jurisdiction. Garcia–Machado filed a notice of appeal on August 13, 1987, from the order of July 29, 1987.

In his brief on appeal, Garcia–Machado does not brief the issue of the district

court's dismissal of the Rule 35 motion. The brief raises the following issues, none of which was raised in the motion to reduce sentence:

1) The indictment is improper and defective;

2) Ineffective assistance of counsel;

3) The district court improperly applied a mechanical sentencing policy in sentencing Garcia–Machado;

4) The district court did not insure that appellant properly reviewed his presentence investigation report prior to sentencing;

5) Government counsel and defense counsel conspired improperly to sever Garcia–Machado's proceedings from those of his co-conspirators.

Without alluding to the anomalous postures of these issues raised in Garcia–Machado's brief, the Government briefed them on the merits.

■ If Garcia–Machado is attempting to appeal the denial of his § 2255 motion, the notice of appeal is too late, having been filed well beyond the 60–day period allowed by Fed.R.App.P. 4(a)(1). The time limitation for filing a notice of appeal is jurisdictional, and the lack of a timely notice mandates dismissal of the appeal. *Robbins v. Maggio,* 750 F.2d 405, 408 (5th Cir.1985).

■ The notice of appeal specifies that it is from the order of July 29, 1987. Not only does Garcia–Machado not raise any issue concerning the correctness of that order, the notice of appeal is late as to it as well as to the February 11, 1987, order denying the § 2255 motion. Rule 35 is a rule of criminal procedure, and the time for taking an appeal in a criminal case is within ten days from entry of the order appealed. Fed.R.App.P. 4(b). The last day for filing a timely criminal appeal was Monday, August 10, 1987, because the tenth day, August 8, fell on Saturday. *See* Fed.R.App.P. 26(a). The notice of appeal filed on August 13, 1987, is therefore late.

APPEAL DISMISSED.