IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30157
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

DELTON LEE MCEWEN,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-50012-ALL
--------------------

October 18, 1999

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Delton Lee McEwen appeals the denial of his second motion for "MODIFICATION OR REMISSION OF THE INTEREST AND PENALTIES" relating to a $75,000 fine imposed by the district court following his conviction of attempted possession with intent to distribute d-methamphetamine. McEwen did not file a timely notice of appeal with regard to the denial of his motion. See Fed. R. App. P. 4(b). It would be futile for this court to remand McEwen's case to the district court to determine whether

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was excusable neglect in filing the late notice of appeal, see United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984), because even if there is excusable neglect and the notice of appeal from the order denying McEwen's second motion for modification or remission of his fine is timely, this court would dismiss McEwen's case.  The district court did not have jurisdiction to entertain McEwen's motion because it does not fit into the jurisdictional framework of any postconviction relief available to McEwen.  See United States v. Early, 27 F.3d 140, 141-142 (5th Cir. 1994).

McEwen's notice of appeal, liberally construed, is timely as to the district court's denial of his motion for reconsideration of the denial of his first motion for "MODIFICATION OR REMISSION OF THE INTEREST AND PENALTIES."  McEwen asks this court to waive the interest payments during his period of incarceration or to remand his case to the district court with instructions to do so. However, McEwen's first motion, like his second motion, was unauthorized and the district court did not have jurisdiction to consider it.  See id. at 141.  The district court should have denied McEwen's motion for "MODIFICATION OR REMISSION OF THE INTEREST AND PENALTIES," and McEwen's motion for reconsideration of the denial of that motion, as unauthorized, rather than on the merits.  See id.

As the district court was without jurisdiction to consider McEwen's unauthorized motion for modification or remission of his fine in the first instance, McEwen's motion for remand to the district court for modification of his fine is DENIED.  McEwen's

appeal from the district court's refusal to reconsider its denial of an unauthorized motion is without arguable merit and is therefore DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983).