IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50312
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

CANDY BROWN JOHNSON, also known as Candace Brown Johnson,
also known as Catherine Johnson,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CR-38-ALL
--------------------

December 16, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Candy Brown Johnson has appealed an amended judgment which requires her to pay restitution immediately, rather than in installments as provided in the judgment and commitment. However, she failed to file a notice of appeal relative to the amending order.

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 4(b)(1)(A)(i), Fed. R. App. P., provides in part that "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after . . . the entry of either the judgment or the order being appealed.

The Supreme Court has stated that "if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act. It is well settled that the requirement of a timely notice of appeal is mandatory and jurisdictional." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (citation and quotation marks omitted); see United States v. Garcia-Machado, 845 F.2d 492, 493 (5th Cir. 1988) (same). Accordingly, Johnson's appeal must be DISMISSED for lack of jurisdiction.

APPEAL DISMISSED.