IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20788
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MORENO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-418
---------------------

December 10, 1998

Before DAVIS, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

This court must examine the basis of its jurisdiction on its own motion if necessary. <u>United States v. Lister</u>, 53 F.3d 66, 68 (5th Cir. 1995). Fed. R. Crim. P. 4(b) requires that a notice of appeal by a defendant in a criminal case be filed within ten days of entry of judgment. Because the appeal is from the denial of a motion invoking Fed. R. Crim. P. 33, Rule 4(b) governs the timeliness of the notice of appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rule 4(b) allows the district court to grant an additional 30 days in which to file the notice of appeal upon a showing of excusable neglect. This court customarily treats the filing of an untimely notice of appeal within the 30-day period as a motion for a determination whether excusable neglect entitles the defendant to an extension of time to appeal. See United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984).

The district court's order was entered on July 31, 1998. The notice of appeal was apparently signed and delivered to prison authorities on August 11, 1998--one day late. See Fed. R. App. P. 4(b) & 26(a). We therefore remand the case to the district court for a determination whether defendant's untimely filing of the notice of appeal was due to excusable neglect. Upon making the determination, the district court shall return the case to this court for further proceedings or dismissal, as may be appropriate.

REMANDED.