IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-21040
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINALD TYRONE HOLLINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3083
USDC No. H-00-CR-242-1
--------------------
February 19, 2003

Before BARKSDALE, DeMOSS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Reginald Tyrone Hollins, # 88295-079, requests a certificate of appealability ("COA") to appeal the district court's denial of his 28 U.S.C. § 2255 motion. Hollins was convicted on his guilty pleas to charges of being a felon in possession of a firearm and carjacking and was sentenced to concurrent terms of 188 months' imprisonment and three years' supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We examine the basis of our jurisdiction on our own motion. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). The time limit for a notice of appeal is a mandatory precondition to the exercise of appellate jurisdiction, and the lack of a timely notice mandates dismissal of the appeal. United States v. Garcia-Machado, 845 F.2d 492, 493 (5th Cir. 1988). Hollins had sixty days from the June 18, 2002, entry of the district court's order, that is, until Monday, August 19, 2002, to file a timely notice of appeal. FED. R. APP. P. 4(a)(1)(B); United States v. De Los Reyes, 842 F.2d 755, 757 (5th Cir. 1988). Hollins' notice of appeal, dated September 5, 2002, was untimely.

Rule 4(a)(5), FED. R. APP. P., allows the district court to grant an additional thirty days in which to file a notice of appeal upon a showing of excusable neglect or good cause. Hollins' notice of appeal, which was filed within this 30-day period sufficed as a motion for a finding on excusable neglect or good cause. United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000); United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984).

Accordingly, the COA motion is held in abeyance and the case is REMANDED to the district court for a finding under FED. R. APP. P. 4(a)(5). Golding, 739 F.2d at 184. Upon making the finding, the district court shall promptly return the case to this court for dismissal or further proceedings, as may be appropriate.

REMANDED.