United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60457
Summary Calendar
_____

UNITED STATES OF AMERICA,

                    Plaintiff-Appellee,

versus

JOSE ALEGRIA-CAMPA,

                    Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 3:02-CR-126-1
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

      Counsel appointed to represent Jose Alegria-Campa ("Alegria") has filed a motion seeking leave to withdraw and a brief as required by Anders v. California, 386 U.S. 738 (1967). Counsel has also filed a motion to waive the requirements of FED. R. APP. P. 32(a)(4). This appeal is before the court following remand to the district court to address a jurisdictional issue. See United States v. Alegria-Campa, No. 03-60457 (5th Cir. Oct. 7, 2004) (unpublished).

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Alegria's original notice of appeal was not filed within 10 days of the entry of the judgment as required by FED. R. APP. P. 4(b)(1)(A). The district court determined that Alegria failed to show good cause or excusable neglect justifying an extension of the time for filing a notice of appeal. See FED. R. APP. P. 4(b)(4); United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984). Alegria filed a timely notice of appeal from the district court's order, but counsel has not briefed whether that finding constitutes an abuse of discretion.

We pretermit further briefing on the jurisdictional issue because we find that the appeal waiver contained in the plea agreement bars Alegria's appeal. Cf. United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (dismissing for lack of jurisdiction, rather than remanding for determination of excusable neglect or good cause, because appeal was frivolous). An appeal precluded by an appeal waiver "should be dismissed." United States v. Baymon, 312 F.3d 725, 729 (5th Cir. 2002).

Accordingly, the appeal is DISMISSED FOR LACK OF JURISDICTION. Counsel's outstanding motions are DENIED AS MOOT.