**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 14, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30345
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAWRENCE GIRTLEY, also known as Pee Wee,

Defendant-Appellant.

--------------------
Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-257-21
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Court-appointed counsel for Lawrence Girtley has filed a motion seeking leave to withdraw and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967). Girtley was convicted following a guilty plea of conspiracy to possess with the intent to distribute 5 kilograms or more of cocaine hydrochloride and 50 grams or more of cocaine base and was sentenced to 120 months of imprisonment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Girtley had 10 days from the entry of the December 16, 2004, judgment to file a timely notice of appeal. See FED. R. APP. P. 4(b)(1)(A). Girtley's pro se notice of appeal was untimely. See id. A district court may grant a defendant an additional 30 days in which to file a notice of appeal upon a showing of excusable neglect or good cause. See FED. R. APP. P. 4(b)(4). Girtley's notice of appeal, which was filed within this 30-day period, sufficed as a motion for a finding on excusable neglect or good cause. See United States v. Golding, 739 F.2d 183, 184 (5th Cir. 1984).

Accordingly, counsel's motion is held in abeyance and the case is remanded to the district court for the limited purpose of a finding under FED. R. APP. P. 4(b)(4). Id. Upon making the finding, the district court shall promptly return the case to this court for dismissal or further proceedings, as may be appropriate. We retain jurisdiction over the appeal except for the purposes of the limited remand.

LIMITED REMAND; MOTION HELD IN ABEYANCE PENDING REMAND.