**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 9, 2009

Charles R. Fulbruge III
Clerk

No. 08-10563
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

GREGORY VIDAL GRAY, also known as G

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:02-CR-94-12

Before KING, GARWOOD, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Gregory Vidal Gray, federal prisoner # 09487-031, appeals the district court's denial of his 18 U.S.C. § 3582 motion to reduce his sentence based on recent amendments to the United States Sentencing Guidelines. The Government argues that Gray's appeal should be dismissed as untimely.

Gray's notice of appeal was due 10 days after the district court entered its order denying his motion. *See United States v. Alvarez,* 210 F.3d 309, 310 (5th

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2000); FED. R. APP. P. 4(b)(1)(A)(i). The district court's denial was entered on April 16, 2008; therefore, Gray had 10 days, or until April 30, 2008, to file a timely notice of appeal. *See* FED. R. APP. P. 26(a)(2). Gray's notice of appeal was deposited for mailing, and is considered filed, on June 2, 2008. *See* FED. R. APP. P. 4(c)(1).

A district court may extend the time for filing a notice of appeal for an additional 30 days upon a finding of good cause or excusable neglect. FED. R. APP. P. 4(b)(4). In criminal cases, the filing of a notice of appeal within this additional period is usually treated "as a motion for a determination as to whether excusable neglect entitled a defendant to an extension of time to appeal." *United States v. Golding,* 739 F.2d 183, 184 (5th Cir. 1984) (internal quotation marks omitted). However, in the instant case, the additional 30 day period ended on May 30, 2008.

As the Government has properly challenged the timeliness of Gray's notice of appeal, we must dismiss the appeal as untimely filed. *See United States v. Sealed Appellant,* 304 F. App'x 282, 284 (5th Cir. 2008); *Burnley v. City of San Antonio,* 470 F.3d 189, 192 n.1 (5th Cir. 2006).

APPEAL DISMISSED.