# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 1, 2010

No. 09-50957
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ARIAS-MACEDO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No.5:09-CR-183-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Arias-Macedo appeals his sentence. The government argues that the appeal should be dismissed as untimely.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The notice of appeal was due within 10 days after the entry of the judgment of conviction.  FED. R. APP. P. 4(b)(1)(A)(i) (2008).  In a criminal case, a district court may extend the time for filing a notice of appeal for an additional 30 days on a finding of good cause or excusable neglect.  FED. R. APP. P. 4(b)(4).  In criminal cases, a notice of appeal filed within this additional 30-day period is customarily treated as a motion under FED. R. APP. P. 4(b)(4).  *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984).  In Arias-Macedo's case, however, the additional period ended in August 2009, well before Arias-Macedo filed his notice of appeal in October 2009.  Therefore, the notice of appeal is untimely.

In a criminal case, the untimely filing of a notice of appeal is not jurisdictional and can be waived.  *See United States v. Martinez,* 496 F.3d 387, 388-89 (5th Cir. 2007).  Because, however, the government has challenged the timeliness of the notice of appeal, the appeal is DISMISSED.  *See United States v. Gray,* 332 F. App'x 192, 193 (5th Cir. 2009).