# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2010

No. 09-51073
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLETO SAMUEL DURAN, also known as Boy,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-237

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Pursuant to a plea agreement, Cleto Samuel Duran, federal prisoner # 28996-180, pleaded guilty to the charge of conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act. *See* 18 U.S.C. § 1962(d). Duran did not file a direct appeal from his conviction and sentence.

Almost one year after the entry of the judgment of conviction, Duran filed a 28 U.S.C. § 2255 motion alleging, inter alia, that trial counsel was ineffective in not filing a notice of appeal upon his request. After a hearing, the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-51073

court denied relief on this claim and on Duran's other § 2255 claims. Judgment was entered on August 16, 2006. Duran did not appeal that decision.

Approximately ten months later, Duran filed a motion for leave to file an out-of-time appeal of the denial of his § 2255 motion. On June 21, 2007, the district court denied the motion.

On September 1, 2009, more than two years later, Duran filed a motion for reconsideration under FED. R. CIV. P. 60(b) of the denial of his motion for an out-of-time appeal. By order entered on September 10, 2009, the district court denied the motion for reconsideration.

On September 24, 2009, Duran filed a motion to alter or amend judgment. The district court denied the motion. Duran now appeals that denial. A certificate of appealability is unnecessary. *See Gonzalez v. Crosby*, 545 U.S. 524, 532-33 (2005); *Williams v. Thaler*, 602 F.3d 291, 302 (5th Cir. 2010); *Dunn v. Cockrell*, 302 F.3d 491, 492 & n.1 (5th Cir. 2002).

Duran argues that his failure to file a timely appeal from the denial of his § 2255 motion is entirely the fault of his § 2255 counsel and that counsel misled him to believe that an appeal had been filed. He contends that he and his family members have demonstrated the requisite diligence in pursuing an appeal. This claim is frivolous. Duran cannot now appeal the denial of his motion for an out-of-time appeal. He is before this court to appeal the district court's denial of his motion to alter or amend the judgment denying his Rule 60(b) motion that sought reconsideration of the denial of his motion to file an out-of-time appeal of the denial of a 28 U.S.C. § 2255 motion.

Duran has not demonstrated that the district court's denial of relief was based on an error of fact or law or that its findings were so unwarranted as to constitute an abuse of discretion. *See Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005).

No. 09-51073

Accordingly, we DISPENSE with further briefing and DISMISS this appeal as frivolous. *See* 5TH CIR. R. 42.2.

Duran requests a COA on one of the ineffective-assistance-of-counsel claims presented in his § 2255 motion. This court is without jurisdiction to entertain Duran's request for a COA because he did not timely file a notice of appeal from the denial of his § 2255 motion. *See Bowles v. Russsell*, 551 U.S. 205, 209-13 (2007); *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988). Duran's request for a COA is DENIED.

As for Duran's assertion of other § 2255 claims in his brief, he has not obtained the requisite authorization to file such claims. *Williams*, 602 F.3d at 302; 28 U.S.C. §§ 2255(h), 2244.

All outstanding motions are DENIED.

Duran is WARNED that the filing of further frivolous pleadings will result in the imposition of SANCTIONS.