# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 14, 2013

No. 12-51164
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CLETO SAMUEL DURAN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:05-CV-237
USDC No. 1:03-CR-144-3

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Samuel Cleto Duran, federal prisoner # 28996-180, moves for leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of (1) his motion filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure for relief from the August 2006 judgment denying his 28 U.S.C. § 2255 motion, (2) his motion filed pursuant to Rule 59(e) of the Federal Rules of Civil

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Procedure to alter or amend the judgment denying his Rule 60(b)(4) motion, and (3) his motion for the recusal of the district court judge.

The Rule 60(b)(4) motion filed by Duran was based on his contention that the judgment denying his § 2255 motion was void because the district court clerk did not enter proof of the service of the judgment onto the docket sheet as required under Rule 77(d) of the Federal Rules of Civil Procedure. Having conducted a de novo review of the matter, we conclude that the district court did not err in denying relief. *See* FED. R. CIV. P. 77(d)(2); *Carter v. Fenner*, 136 F.3d 1000, 1005-06 (5th Cir. 1998); *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1201-02, 1205-06 (5th Cir. 1993); *Wilson v. Atwood Group*, 725 F.2d 255, 257-58 (5th Cir. 1984) (en banc).

Duran's Rule 59(e) motion and his motion for recusal were both based on his assertion that the district court judge and other court officers in the Western District of Texas were members of a secret society whose purpose was to obtain and uphold the convictions of unwitting criminal defendants. Duran submitted documents that, contrary to his assertion, do not support his allegations. The district court did not abuse its discretion in denying Duran's Rule 59(e) motion, *see Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005), or in denying his motion for recusal, *see* 28 U.S.C. § 455(a), (b)(1); *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003); *Trevino v. Johnson*, 168 F.3d 173, 178 (5th Cir. 1999).

Duran has not shown that there is a nonfrivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, his motion for leave to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 & n.24.

We have previously warned Duran that sanctions would result if he persisted in filing frivolous pleadings. *United States v. Duran*, 406 F. App'x 876, 877 (5th Cir. 2010). Despite this warning, Duran filed frivolous motions in the district court, and he has filed this frivolous appeal. IT IS ORDERED that

No. 12-51164

Duran is SANCTIONED in the amount of $100, payable to the clerk of this court. Until that sanction is paid, Duran may file no more appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are governed by § 2255 or any other statutory provision or rule, whether in this court or in any court under this court's jurisdiction, without first obtaining permission of this court or the forum court. Further, Duran is warned that unfounded accusations against the judiciary in his pleadings could also result in sanctions against him. *See Theriault v. Silber*, 579 F.2d 302, 303-04 (5th Cir. 1978).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED; NEW SANCTION WARNING ISSUED.