# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40269
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DANIEL PATRICK,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:06-CR-228-7

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Daniel Patrick, federal prisoner # 49584-179, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of his sentence for possession of 100 kilograms or more of marijuana with intent to distribute. Patrick argues that he is entitled to a reduction in his sentence pursuant to Amendment 782 to the Sentencing Guidelines because he was sentenced under U.S.S.G. § 2D1.1 and his guidelines sentence range was reduced by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Amendment 782.  He requests the appointment of counsel for the purposes of oral argument.

Patrick's notice of appeal was filed, at the earliest, one day late.  *See* FED. R. APP. P. 4(b)(1)(A)(i).  We ordinarily construe an untimely notice of appeal filed within the time for seeking an extension as a request for such an extension and will remand for a good cause or excusable neglect determination.  *See United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984).  In criminal cases, the time limit set forth in Rule 4(b)(1)(A) is mandatory, but it is not jurisdictional and can be waived.  *United States v. Martinez*, 496 F.3d 387, 388–89 (5th Cir. 2007) (citing *Bowles v. Russell*, 551 U.S. 205, 207–14 (2007)).  In this case, the Government has expressly waived "whatever benefit it might derive from Patrick's failure to file a timely notice of appeal."  Accordingly, we may consider the merits of the appeal without remanding for a good cause or excusable neglect determination.  *See id.* at 388–89.

The district court had before it Patrick's arguments in favor of a sentence reduction; the original and reduced guidelines ranges; a synopsis of Patrick's behavior while incarcerated, both good and bad; and the information from Patrick's original sentencing, including his long criminal history.  Patrick's original sentence was within both the original and reduced guidelines ranges. The district court, implicitly finding that Patrick was eligible for a reduction, denied Patrick's motion as a matter of discretion, specifically citing the 18 U.S.C. § 3553(a) sentencing factor of protection of the public.  While the district court did not discuss the Section 3553(a) factors further, the arguments were presented to the district court, and "although it did not discuss them, we can assume that it considered them."  *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009) (citation and quotation marks omitted).  The district court was not required to give a detailed explanation of its decision to deny Patrick's

No. 15-40269

motion. *See id.* at 674.  Contrary to Patrick's argument, he was not entitled to a sentence reduction just because he was eligible for one. *See id.* at 673 & n.9. Given Patrick's criminal history, prison disciplinary record, and that Patrick's original sentence was within his lowered guidelines range, Patrick has not shown that the district court abused its discretion by denying the motion. *See United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010); *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Patrick has no statutory or constitutional right to appointed counsel for the purpose of this appeal. *See Whitebird*, 55 F.3d at 1011.  Additionally, he has failed to show that the interests of justice require the appointment of counsel. *See United States v. Robinson*, 542 F.3d 1045, 1052 (5th Cir. 2008).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.