# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2021

Lyle W. Cayce
Clerk

No. 20-30540
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ODELL WELLS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CR-151-2

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Odell Wells, federal prisoner # 33168-034, appeals the denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release from the 175-month sentence he received after pleading guilty to conspiracy to distribute and possess with intent to distribute 280 grams or more of a mixture or

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30540

substance containing a detectable amount of cocaine base.  We review the district court's denial of his § 3582(c)(1)(A) motion for an abuse of discretion.  *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021).

As a preliminary matter, we note that the Government is correct that Wells did not mail his notice of appeal within the 14 days allowed under Federal Rule of Appellate Procedure 4(b)(1)(A)(i).  *See Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998).  His notice of appeal was mailed, however, within the time for seeking an extension of the appeal period under Rule 4(b)(4) and therefore served as a request to extend the appeal period based on excusable neglect.  *See United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984).  The district court's later grant of Wells's motion to appeal in forma pauperis was an implicit finding of excusable neglect.  *See United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. 1981); *see also* FED. R. APP. P. 4(b)(4).  Accordingly, Wells's appeal is timely.

Wells sought compassionate release under § 3582(c)(1)(A) based upon a variety of reasons, including that he should not have been sentenced as a career offender under U.S.S.G. § 4B1.1 following a "tentative plea."  The district court determined that it did not need to decide whether § 3582(c)(1)(A) or some alternate avenue was the proper vehicle to seek relief for a guidelines calculation error because it concluded that the career offender enhancement under § 4B1.1(a) was proper and it rejected Wells's suggestion that his plea was "tentative."  The district court also determined that Wells put forth no other "extraordinary or compelling" reason warranting a sentence reduction as required by § 3582(c)(1)(A) and that, even if he had, he had not exhausted his administrative remedies as required by § 3582(c)(1)(A).  *See* § 3582(c)(1)(A).

On appeal, Wells does not address the district court's finding that his guidelines range was properly calculated or that he failed to administratively

exhaust his request for compassionate release as required by § 3582(c)(1)(A). Thus, he has abandoned those issues on appeal. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Moreover, we decline to consider new facts and arguments raised by Wells for the first time on appeal. *See Thompson*, 984 F.3d at 432 n.1; *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Accordingly, the judgment of the district court is AFFIRMED.