# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-40346
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

January 29, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Cabrera,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:10-CR-140-11

———————————————————————

Before Richman, Douglas, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Alejandro Cabrera, federal prisoner # 88036-179, appeals the district court's decision denying his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 821 to the Sentencing Guidelines. Although the Government contends that we should dismiss because Cabrera did not timely file his notice of appeal, we decline to do so; the notice was filed within

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40346

thirty days of the expiration of the fourteen-day filing deadline, and the district court, by granting Cabrera leave to proceed in forma pauperis on appeal, implicitly found excusable neglect. *See* Fed. R. App. P. 4(b)(1)(A)(i), (4); *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984); *United States v. Quimby*, 636 F.2d 86, 89 (5th Cir. Unit A Feb. 1981).

None of Cabrera's eight criminal history points were assessed for his having committed the instant offense while under any criminal justice sentence, *see* U.S.S.G. § 4A1.1(e), and his receipt of those points disqualifies him from receiving a reduction under U.S.S.G. § 4C1.1. *See* § 4C1.1(a)(1). Therefore, because he is not eligible for a sentence reduction under Amendment 821, the district court did not err by denying Cabrera § 3582(c)(2) relief. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018).

AFFIRMED.